CASE 37—PETITION EQUITY—SEPTEMBER 13.

# Drain, &c., vs. Violett, &c.

APPEAL FROM MARION CIRCUIT COURT.

1.  "Children" and "issue," as used in chapter 30 of the Revised Statutes, title "Descent and Distribution," are not necessarily confined to children and issue born in lawful wedlock, but includes all such children and issue as are by law capable of inheriting.
2.  A natural son, being recognized by his father, who procured the passage of an act of the Legislature to make him capable of inheriting his estate as though he had been a legitimate son, will inherit his father's estate, if he survives him, the same as if he had been born in lawful wedlock.

HILL & KNOTT and A. J. JAMES,                For Appellants,
                              CITED—
1 *Rev. Stat.*, 421.

Drain, &c., vs. Violett, &c.

THOS. C. WOODS,                              For Appellees,

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

B. F. Violett was the natural son of St. Clair Violett, and so recognized by his said father, and who, by a special enactment of the Kentucky Legislature, approved January 28th, 1848, was made capable of inheriting from his said father as though he had been a legitimate son. St. Clair Violett died intestate early in the year of 1864, without any other issue, and domiciled in Marion county; his surviving widow soon afterwards died also.

B. F. Violett administered on both estates, but settled his accounts with the county court only as administrator of St. Clair Violett, being under the impression that he was also heir to Mrs. Violett. This suit was instituted by the collateral kindred of Mrs. Violett, claiming as her heirs one half the personal estate, surcharging the settlement of B. F. Violett as administrator of his deceased fathers' estate, averring that he received a large amount of gold and promissory notes belonging to said estate, for which he had rendered no account; also claiming a tract of about one hundred acres of land, the title of which they asserted was in Mrs. Violett when she died.

Issue was taken on all these matters; and, on final trial, the court adjudged to the plaintiffs one third of the personal estate after payment of debts, as ascertained by the administrator's settlement, affirmed the county court settlement, and rejected their claim to the tract of land, from which they appealed; and B. F. Violett prosecutes a cross-appeal.

The special act of January 28th, 1848, makes B. F. Violett a legitimate heir of his natural father, but does not make him capable of inheriting from Mrs. Violett; consequently, having no inheritable blood as to Mrs.

Violett, and not being of kindred to her, whatever of estate she had at her death passed to her collateral kindred, as she had no issue.

Lands and personalty of an intestate decedent by *chapter* 30 (1 *Stant. Rev. Stat.*, 419), descends, "first, to his children;" but, "if an intestate leaves issue, his widow shall have one third; and if no issue, one half of such surplus (of personalty); but she shall have only the use for life of such slaves as may be in her said third or half;" and as to lands, she is only to have the use for life.

"*Children*" and "*issue*," as used in this statute, are not necessarily confined to children and issue born in lawful wedlock; but include all such *children* and *issue* as are by law capable of inheriting.

St. Clair Violett recognizing B. F. Violett as his son, and then procuring an enactment giving to him inheritable rights and quality from himself, he did not die without issue in contemplation of this statute, as B. F. Violett survived him, any more than if B. F. Violett had been born in lawful wedlock; consequently, the surviving widow was only entitled to one third of the surplus personal estate as a distributee.

The evidence does not authorize a surcharging of the county court settlement of the administrator's accounts, nor does it show legal title in her to any lands.

The circuit court properly adjudged to plaintiffs one third of the personalty in the administrator's hands for distribution, and properly rejected the other claims of plaintiffs, and correctly refused to recognize B. F. Violett as the heir and distributee of the surviving widow of his deceased father.

The judgment is therefore affirmed on both the appeal and cross-appeal.